1

```
                  UNITED STATES DISTRICT COURT
                  EASTERN DISTRICT OF NEW YORK

- - - - - - - - - - - - - -  X

QUINTEROS,                   :
                                     12 CV 2517
         Plaintiff           :


         -against-           :
                                     United States Courthouse
                                     Brooklyn, New York
MBI ASSOCIATES, INC.         :
                                     July 2, 2012
         Defendant.          :       2:30 o'clock p.m.

- - - - - - - - - - - - - -  X


              TRANSCRIPT OF CONFERENCE
         BEFORE THE HONORABLE WILLIAM F. KUNTZ II
              UNITED STATES DISTRICT JUDGE


APPEARANCES:


For the Plaintiff:           ADAM J. FISHBEIN, ESQ.
                             735 Central Avenue
                             Woodmere, NY 11598


For the Defendant:           CHRISTIAN BROWNE, ESQ.


Court Reporter:              Gene Rudolph
                             225 Cadman Plaza East
                             Brooklyn, New York
                             (718) 613-2538


Proceedings recorded by mechanical stenography, transcript
produced by computer-aided transcription.
```

GR     OCR     CM     CRR     CSR

1        THE CLERK:  We are here for a civil premotion
2  conference, docket number 12 CR 2517, Quinteros versus MBI
3  Associates.
4        Counsel, please state your appearances for the
5  record.  Spell your names for the reporter.
6        MR. FISHBEIN:  Adam J. Fishbein for the plaintiff.
7        Good afternoon, Your Honor.
8        A D A M, J period, F I S H B E I N.
9        THE COURT:  Good afternoon, Mr. Fishbein.
10       Please be seated and remain seated.
11       Thank you.
12       MR. FISHBEIN:  Thank you.
13       MR. BROWNE:  Good afternoon, Your Honor.
14       Christian Browne, B R O W N E, and
15  C H R I S T I A N, for the defendant MBI Associates.
16       THE COURT:  Good afternoon, sir.
17       You may be seated as well.  Please remain seated for
18  the balance of the conference and relax.
19       We are here to discuss the legal issues.
20       Let me hear from the plaintiff first, if I might, as
21  to what this case is about and then we will hear with respect
22  to the potential moving party as to the basis for the motion
23  and then we will talk about possible schedule.
24       MR. FISHBEIN:  Your Honor, this case was brought
25  pursuant to the Fair Debt Collection Practices Act on a very

1  narrow issue concerning the propriety of adding in a
2  five-dollar transaction fee if the consumer decides to pay the
3  debt or, I presume, a portion thereof by using a credit card.
4            I have relied upon Judge Mauskopf's decision.  I do
5  bring a lot of cases in this courthouse.  This decision was
6  not mine but I did study it and do believe that it applies in
7  this case.
8            This case was also brought as a putative class
9  action suit.  And while reading defendant's letter, I don't
10 agree that I did not set forth any statutory section to form
11 the basis of liability, I do concede that 1692(e)(2) should
12 have been set forth in paragraph 14 as well.  It is set forth
13 in paragraph 17 concerning the definition of the class
14 alleging that the class members have a common violation of the
15 FDCPA, which implicates (e)(2) and (f)(1) and I -- just one
16 other issue, that in reviewing defendant's letter again, that
17 he makes reference to a stub which -- where it sets forth the
18 five-dollar fee.
19           I am not really sure if it -- I am not really sure
20 if it makes a difference, but we are relying upon where it
21 sets forth there will be a five-dollar processing fee for all
22 credit cards or checks over the phone.  This is actually in
23 the body of the letter.
24           THE COURT:  Right.
25           MR. FISHBEIN:  So that actually in terms of where

4

1  perhaps Judge Mauskopf may have -- there may be an issue where
2  if the collection agency doesn't actually keep any of the
3  five-dollar fee and it goes -- it is a charge by the credit
4  card company, here actually this case goes beyond the Shammy
5  decision because it says there is a five-dollar5 processing
6  fee for -- even for checks over the phone, where I presume
7  that there is no real fee incurred by the collection agency by
8  accepting a check over the phone. It is just perhaps
9  the -- there is a little more time that their people would
10 have to devote to the matter as opposed to if a check were
11 received via mail.
12         I don't know if Your Honor really wanted me to get
13 into addressing the defendant's letter, but I guess in terms
14 of presenting a total package I think that's the best I can
15 do.
16         THE COURT:  That's very helpful and very well done.
17 I thank you for that.
18         MR. FISHBEIN:  Thank you.
19         THE COURT:  Sir?
20         MR. BROWNE:  Judge, as I outlined in my letter, I
21 see this as basically an issue of law case. I am not exactly
22 sure what counsel is talking about with regards to what might
23 be said over the phone. But with respect to what I understand
24 to be the crux of their claim, which is that -- the issue of
25 the propriety of the five-dollar credit card processing fee,

5

1  it is my contention that obviously that -- my client is
2  issuing and has been issuing letters that contain that
3  language.  That is not in dispute.
4           As I note in my letter, my client's collection
5  notice is prepared in conjunction with the trade association
6  for this -- for the debt collectors, the national trade
7  association for debt collectors.  That may be relevant down
8  the line depending on how the case proceeds in terms of
9  whether this, to the extent it is a violation, would be deemed
10 a willful violation, in any event.
11          But our position, as you know, judge, is that the
12 mere disclosure of charging a five-dollar processing fee, an
13 optional processing fee, and then the charge -- the actual
14 charging of that fee if the debtor so chooses to pay his debt
15 or a portion of his debt by credit card is not violative of
16 the act.
17          This basically rests on the case law as it is
18 developed, as well as a reasonable interpretation, we would
19 submit, of the statute.  The statute -- the Section 1692(e) is
20 titled false or misleading representations.  I don't think you
21 can say as a matter of law that there is anything false or
22 misleading about this.  It is a disclosure.  In fact, if
23 anything, it is informing a debtor about what will happen to
24 him should he elect to pay by credit card.  It is a one
25 sentence, plain language type of disclosure.  So I don't think

1 you can say as a matter of law there is anything false or
2 misleading about it.
3     I think the more complex question, shall we say,
4 would come under Section 1692(f)(1), which prohibits the
5 collection of interest, fees, charges or incidental expenses.
6 It is our position that this service charge is not the kind of
7 charge that Section 16 -- 1692(f)(1) seeks to prohibit, again,
8 in that it is one, optional, and two, it is really covering
9 the cost of the transaction for the debtor's convenience at
10 the debtor's option.  It is not resulting in a windfall.
11     THE COURT:  I would just observe that many years
12 ago, say about 35 or so years ago, when I was first starting
13 to practice, there was a case which you gentlemen may have
14 come across in your research efforts involving Citibank and
15 what was then called the fifty-cent fee case.  Citibank
16 elected to add a fifty-cent fee on a monthly basis to cover
17 the cost and expense of processing MasterCard and Visa
18 accounts when they first came into vogue.  They took the
19 position that it was not violative of the New York usury
20 statutes, usury ceiling.
21     There was one lawyer who was floating around, long
22 since passed on, I am afraid, who had been around and who
23 started practicing law the week of the stock market crash.  I
24 don't mean the 2008 stock market crash.  I mean the 1929 stock
25 market crash.  He said you know, there is a case called

1  R.H. Macy's and Macy's did something like this in the
2  depression and the Court of Appeals found that you could call
3  it a fee, you could call it whatever you wanted to call it,
4  but if it took one penny more than the usury ceiling, it
5  violated the usury statute.
6          A lot of very high powered, fancy bank finance, bank
7  corporate lawyers said, that's just old so and so.  He is an
8  old depression era guy.  They went ahead and put the
9  fifty-cent fee in.
10         I commend to you what the Court of Appeals did to
11 vindicate the old guy from the stock market crash in finding
12 that in fact it did violate the usury ceiling and the bank was
13 forced to repeal the fifty-cent fee.
14         Indeed, for many years it was seen as the driving
15 force that led to the creation of bank holding company in
16 jurisdictions where there with were no usury ceilings and a
17 lot of monies in their operation in South Dakota in response
18 to that.
19         I give you this boring tangential legal history to
20 say, one, this is a very important area when you start talking
21 about fees and costs and ceilings.
22         So I will let you make the motion.  We will talk
23 about timetables.  But I would urge both counsel to take a
24 look at the R.H. Macy's case and the so-called fifty-cent fee
25 case which was decided in the Court of Appeals in the

seventies to tee up the issues of the appropriateness of fees and charges once you start to run into these protected areas. There is lots more law and I am not suggesting for a minute that those cases are dispositive but I think that you will need to address those issues because they are kind of lurking just over the horizon in this case.

So I will turn to the moving party first. I will preface by remarks by saying when I was in practice I always hoped when judges said, how long would you like to make your motion, counsel, I wouldn't have to explain to them well, it is July 2nd and we have something called the Fourth of July. And then I would also like to have judges who wouldn't say well, how long do you need to respond. And then people would say, we have the Jewish holidays coming in, we have Thanksgiving, we have Christmas.

I know all that. My view is, how long would you like. You will have that time. How long you would like to respond. You will have that time. And then you will have that time to put in a reply.

We will start with you. From today, how much time would you like to have to put in your motion?

MR. BROWNE: Thirty days would be sufficient.

THE COURT: Thirty days. Where does that take us to, Mr. Jackson, looking at Fridays?

THE CLERK: That will bring us to August 3rd, Your

9

1 Honor.
2 THE COURT: Is that a holiday of any sort?
3 THE CLERK: No, sir.
4 THE COURT: All right. Sir, how long would you like
5 to respond? You can have as much time as you like.
6 MR. FISHBEIN: I would then just ask also for
7 30 days.
8 THE COURT: Okay. Where does that take us to,
9 mindful that sort of impinges on Labor Day?
10 THE CLERK: It does. It brings us to Labor Day
11 week, Your Honor. It brings us to September 7th, which is a
12 Friday.
13 THE COURT: That's the Friday of Labor Day.
14 MR. FISHBEIN: Maybe I will try to get it in before
15 then.
16 THE COURT: You want to get it in before or after?
17 It up to you.
18 MR. FISHBEIN: Before.
19 THE COURT: You want to get in the Friday before.
20 That takes to us what?
21 THE CLERK: That brings us to August 31st, Your
22 Honor.
23 THE COURT: August 31st.
24 MR. FISHBEIN: Okay.
25 THE COURT: How long would you like to respond to

10

1 that, sir?
2     MR. BROWNE:  Two more weeks.
3     THE COURT:  Two weeks.  What does that take us to?
4     THE CLERK:  That brings us to September 14th.
5     THE COURT:  That gets us into the holidays.  We are
6 not going to have oral argument.  It should be okay.
7     MR. BROWNE:  That's okay for me.
8     MR. FISHBEIN:  Yes.  Unless Your Honor has a
9 bundling rule.  I forgot to check.
10     THE COURT:  We do.  We have the bundling rule.
11 Mr. Jackson will lay that out.
12     The bottom line, I won't get papers on ECF until the
13 14th.
14     MR. FISHBEIN:  You are saying, if that's a holiday
15 then I -- if I am responsible to put --
16     THE COURT:  No.  He is going to be responsible.
17     MR. FISHBEIN:  For all the filings?
18     THE COURT:  Yes, for all the filings.  That way you
19 don't get burdened.  I am not going to jam you up for the
20 holiday.
21     MR. FISHBEIN:  Okay.
22     THE COURT:  I am a Brooklyn boy.  It is not going to
23 happen in my court.  Don't worry about it.
24     Go ahead, Mr. Jackson.
25     THE CLERK:  Okay.  Counsel for the defendant shall

```
 1  serve the motion to dismiss on August 3rd.
 2          Plaintiff shall respond to that motion on or before
 3  August 31st.
 4          Defense counsel shall reply to that response on or
 5  before September 14th.
 6          Once the motion is fully briefed, the moving party
 7  shall serve and file all papers on ECF by 5:00 o'clock pm on
 8  September 14th.
 9          THE COURT:  Typically I do not require oral
10  argument.  So you should anticipate that I will decide the
11  motion on the papers.  If I require oral argument, I will wait
12  until we are past the holidays.  You don't have to worry about
13  that.
14          MR. FISHBEIN:  Courtesy copies?
15          THE COURT:  Yes, please.
16          MR. BROWNE:  Sure.
17          MR. FISHBEIN:  That the defendant would be
18  responsible for all -- submitting all motion papers or would I
19  be required to submit a courtesy copy of my response to the
20  motion?
21          THE COURT:  How do we usually handle that?
22          THE CLERK:  The moving party serves a courtesy copy
23  on the Court.
24          THE COURT:  A courtesy copy, including the
25  adversary?
```

12

```
 1                THE CLERK:  Yes.
 2                THE COURT:  You don't have to worry about serving
 3   anything on the Court.
 4                Is that okay?
 5                MR. BROWNE:  Perfectly fine.
 6                THE COURT:  Again, review the dates, Mr. Jackson so
 7   we are all clear, especially me.
 8                THE CLERK:  Yes, Your Honor.
 9                Defense counsel shall file the motion to dismiss on
10   or before August 3rd.
11                Plaintiff shall respond to that motion on or before
12   August 31st.
13                Defense counsel shall reply to that response on or
14   before September 14th.
15                Once the motion is fully briefed, the moving party
16   shall file all motion papers on ECF by 5:00 o'clock pm on
17   September 14th.
18                THE COURT:  And shall provide courtesy copies to
19   chambers.
20                THE CLERK:  And provide all courtesy copies to
21   chambers by mail.
22                THE COURT:  Is that okay?
23                MR. FISHBEIN:  That's fine.
24                MR. BROWNE:  Thank you very much.
25                THE COURT:  Thank you.  Have a good holiday.  Have a
```

1  good summer.
2           MR. FISHBEIN:  Thank you.
3           MR. BROWNE:  You too.
4           (Matter concludes.)
5
6
7
8
9
10
11
12
13
14
15
16
17
18
19
20
21
22
23
24
25

GR     OCR     CM     CRR     CSR