UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK
-----------------------------------------------------------------X
GLORIA QUINTEROS, on behalf of herself and
Others similarly situated,

                Plaintiff,

      - against –

MBI ASSOCIATES, INC.,

               Defendant.
-----------------------------------------------------------------X

**REPLY AFFIRMATION IN FURTHER SUPPORT OF DEFENDANT'S MOTION TO DISMISS THE COMPLAINT**

CV-12-2517
(Kuntz, J.)

    CHRISTIAN BROWNE, an attorney duly admitted to the practice of law in the Unites States District Court for the Eastern District of New York, affirms the following under penalty of perjury:

    1.    I am the principal of the Law Offices of Christian Browne, P.C., attorneys for defendant MBI Associates, Inc., and, as such, I am fully familiar with the facts set forth, and circumstances described, herein. I submit this affirmation in reply to plaintiff's opposition to defendant's motion to dismiss the complaint and in further support of such motion.

    2.    In her opposition papers, plaintiff appears to rest her theory of liability under the Fair Debt Practices Collection Act ("FDCPA" or the "Act") upon two pillars. Plaintiff's first purported basis for liability stems from notion that defendant's collection letter "highly encouraged" consumers to exercise the option to pay via telephone so that defendant could reap the $5.00 processing fee. See Plaintiff's Memorandum of Law at p.2.

1

3. In plaintiff's reading of the collection letter, because defendant notes that a consumer can call to make payment arrangements or to secure additional time to make payments, defendant is nefariously trying to encourage a consumer to make a payment by phone. If these anodyne statements regarding basic customer service can be construed as abusive violations of the FDCPA, then, apparently, it would be impossible under the Act for a debt collector to provide a customer with information on how he may contact the collector for information. Any such statement could be seen as a potentially abusive trap.

4. Furthermore, if the purpose of this information was to ensnare a consumer into making a telephone call so that defendant could take a payment by phone and impose the processing fee, defendant seems to undercut its goal by disclosing the existence of the processing fee in the collection letter. The Court may take judicial notice of the fact that people are not generally seduced by promises of additional fees.

5. In addition, as defendant demonstrates in its original moving papers, defendant does not profit from the processing fee. Defendant offers its various payment options to expedite the payment process and to maximize consumer convenience and choice, not in order to reap a windfall through processing fees.

6. Reading hucksterism and duplicity into routine, plain English statements that tell consumers that they may call defendant for more information is a slender reed on which to hold a business liable for an illegal and abusive practice. The fact that plaintiff has to resort to discovering heretofore unseen manipulation in a "call for more information" statement demonstrates that plaintiff's action is a weak attempt to transform the benign into the abusive in order to impose liability.

7. Plaintiff's second basis for liability under the Act is as problematic as the first. Plaintiff contends that processing fee statement is false and deceptive because it relates to a fee that defendant is not entitled to collect under the FDCPA. But, of course, the propriety of the fee is the very issue in this case. In order to adopt plaintiff's theory, this Court would have to rule the statement is false and misleading because the Court has concluded *ex post facto* that the statement is false and misleading.

8. This solipsism cannot be the rule. A statement that is otherwise plain and clear cannot be rendered otherwise by claiming that the statement regards a fee that was deemed illegal long after the statement first went into use. Rather, as discussed at length in defendant's original moving papers, the statement must run afoul of the "least sophisticated consumer" test; that is, it must be, in and of itself, confusing or designed to mislead.

9. The illogic of this theory once more demonstrates the feeble nature of plaintiff's claim. Plaintiff cannot argue that the processing fee statement itself is false or deceptive. She must, therefore, have it rendered so by awarding herself a judgment against the propriety of the fee and then retroactively reading the statement through the lens of her self-awarded legal triumph. Without resort to this tactic, it is not possible to view the processing fee statement other than as a straightforward disclosure to a consumer about his payment options and the consequences of exercising those options.

10. Finally, with respect to the "R.H. Macy's" case and others like it, plaintiff appears to imply that defendant's treatment of these cases is an insult to the Court. In fact, defendant took care to review each of the citations offered by the Court. After

3

reviewing these precedents, defendant concluded that, while these case deal with similar general subject matter, the holdings address the interpretation of specific state statutes that do not implicate the facts at bar or the FDCPA[1].

11.  Wherefore, based upon the foregoing, and all of defendant's previous submissions on this motion, defendant requests that the Court grant the motion and dismiss the complaint.

Dated: Uniondale, New York
       September 10, 2012

_____
CHRISTIAN BROWNE

---

[1] The same may be said of plaintiff's reference to the opinion of the Colorado state attorney general. That opinion deals with Colorado's interpretation of its own version of the FDCPA, not with the statute before the Court.

4