UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK
--------------------------------------------------------------X
                                :

GLORIA QUINTEROS, on behalf of herself and  :
all other similarly situated consumers,       :
                                :          **DECISION AND**
                 Plaintiff,          :          **ORDER**
                                :

         -against-             :          12-CV-2517 (WFK) (SMG)
                                :

MBI ASSOCIATES, INC.,            :
                                :

              Defendant.        :
                                :
--------------------------------------------------------------X

**WILLIAM F. KUNTZ, II, United States District Judge**

     Gloria Quinteros ("Plaintiff") commenced this putative class action against MBI
Associates, Inc. ("Defendant"), alleging a single cause of action based on violations of two
sections of the Fair Debt Collection Practices Act ("FDCPA"), codified at 15 U.S.C. §§ 1692e(2)
and 1692f(1). Plaintiff claims Defendant violated the FDCPA by sending her a debt collection
notice that imposed a five-dollar processing fee for any payments made via credit card or check
over the phone. Defendant moves to dismiss Plaintiff's complaint pursuant to Federal Rule of
Civil Procedure 12(b)(6) for failure to state a claim upon which relief may be granted. For the
reasons stated below, the Court denies Defendant's motion to dismiss.

**I.    Factual Background**

     The following facts are taken from the Complaint. For the purpose of deciding

Defendant's motion to dismiss for failure to state a claim, the Court assumes these facts to be

true and construes them in the light most favorable to Plaintiff, the non-moving party. *See*

*Chambers v. Time Warner, Inc.*, 282 F.3d 147, 152 (2d Cir. 2002).

     Plaintiff is a citizen of New York who resides within the Eastern District of New York

and is a "consumer" within the meaning of the FDCPA. Compl. at ¶¶ 2–3; 15 U.S.C. §1692a(3).

Defendant is a New York-based company regularly engaged in the collection of debts allegedly

owed by consumers and is therefore a "debt collector" within the meaning of the FDCPA.

Compl. at ¶¶ 5–7; 15 U.S.C. § 1692a(6).

On February 22, 2012, Defendant sent Plaintiff a collection letter seeking to collect a debt allegedly incurred by Plaintiff and owed to a third-party. *See* Compl. at 7 ("the Collection Letter"). The letter stated, in pertinent part:

> Should you require more time to make payment or wish to make payment arrangements, please call this office upon receipt of this letter. Our office accepts Visa, MasterCard and American Express which you may pay over the phone or online at www.paymbi.com. There will be a $5.00 processing fee for all credit cards or checks over the phone.

*Id.* (the "Processing Fee Statement"). The letter also had a detachable form at the bottom of the page. *Id.* Printed in the perforated line were the words "Detach and Return with Payment." *Id.* Directly above that line, the letter stated: "There will be a service charge of $20.00 for all returned checks." *Id.* The detachable form itself included information regarding Plaintiff's outstanding debt, Defendant's mailing address, a space where Plaintiff could indicate an "Amount Enclosed," and an instruction to "use back of form" if Plaintiff elected to pay via credit card. *Id.*

On May 18, 2012, Plaintiff commenced this action against Defendant, alleging the Collection Letter violated 15 U.S.C. §§ 1692e(2) and 1692f(1), two sections of the FDCPA, by "engaging in deceptive practices, by making a false representation that it was entitled to receive compensation for payment by credit card, or by collecting an amount that was not authorized by contract or permitted by law." *Id.* at ¶¶ 13–14, 17.

## II.    Motion to Dismiss Standard

To survive a motion to dismiss under Rule 12(b)(6), each claim must set forth sufficient factual allegations, accepted as true, "to state a claim to relief that is plausible on its face." *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (quoting *Bell Atl. Corp. v. Twombly,* 550 U.S. 544, 570 (2007)). In applying this standard, the Court is guided by "two working principles." *Harris*

2

*v. Mills*, 572 F.3d 66, 72 (2d Cir. 2009) (quoting *Iqbal*, 556 U.S. at 678). First, though the Court

must "accept[] all factual allegations in the complaint as true, and draw[] all reasonable

inferences in the plaintiff's favor," *Chambers*, 282 F.3d at 152, the Court need not credit "legal

conclusions" in a claim or "threadbare recitals of the elements of a cause of action, supported by

mere conclusory statements." *Harris*, 572 F.3d at 72 (quoting *Iqbal*, 556 U.S. at 662) (internal

quotations and alteration omitted). "Second, only a complaint that states a plausible claim for

relief survives a motion to dismiss," and "determining whether a complaint states a plausible

claim for relief will . . . be a context-specific task that requires the reviewing court to draw on its

judicial experience and common sense." *Id.* (quoting *Iqbal*, 556 U.S. at 679).

## III.    Discussion

One of the purposes of the FDCPA is to "eliminate abusive debt collection practices by

debt collectors." 15 U.S.C. § 1692(e). The Second Circuit has stated that "[t]o achieve this goal,

and to protect the most vulnerable population of debtors from abusive and misleading practices,

we have construed [the] FDCPA to require that debt collection letters be viewed from the

perspective of the 'least sophisticated consumer.'" *Greco v. Trauner, Cohen & Thomas, L.L.P.*,

412 F.3d 360, 363 (2d Cir. 2005) (quoting *Clomon v. Jackson*, 988 F.2d 1314, 1318–19 (2d Cir.

1998)). This standard is intended to protect "the gullible as well as the shrewd." *Jacobson v.*

*Healthcare Fin. Servs., Inc.*, 516 F.3d 85, 90 (2d Cir. 2008). However, even in "crafting a norm

that protects the naive and the credulous," courts must "carefully preserve[] the concept of

reasonableness." *Clomon*, 988 F.2d at 1319. To that end, some courts have held that "even the

'least sophisticated consumer' can be presumed to possess a rudimentary amount of information

about the world and a willingness to read a collection notice with some care." *Id.* Thus, the

"least sophisticated consumer" standard shields debt collectors from liability for "bizarre or

3

idiosyncratic interpretations" of debt collection letters. *Id.* at 1320. Furthermore, "because the least sophisticated consumer standard is objective, the determination of how the least sophisticated consumer would view language in a defendant's collection letter is a question of law." *Castro v. Green Tree Servicing LLC*, No. 10-CV-7211, 2013 WL 4105196, at *4 (S.D.N.Y. Aug. 14, 2013) (Ramos, J.).

### A. 15 U.S.C. § 1692f(1):  Unfair or Unconscionable Means

15 U.S.C. § 1692f prohibits debt collectors from using "unfair or unconscionable means to collect or attempt to collect any debt." The provision provides a non-exhaustive list of conduct that violates the FDCPA, including "[t]he collection of any amount (including any interest, fee, charge, or expense incidental to the principal obligation) unless such amount is expressly authorized by the agreement creating the debt or permitted by law." 15 U.S.C. § 1692f(1). Plaintiff asserts Defendant violated § 1692f(1) by imposing a transaction fee "that was not authorized by contract or permitted by law." Compl. at ¶ 14.

The Second Circuit has expressly applied § 1692f(1) to service charges collected to defray collection costs. *See Tuttle v. Equifax Check*, 190 F.3d 9 (2d Cir. 1999). In *Tuttle*, the Second Circuit explained the circumstances governing the permissibility of a service charge under the FDCPA as follows:

> *If state law expressly permits service charges*, a service charge may be imposed even if the contract is silent on the matter;

> *If state law expressly prohibits service charges*, a service charge cannot be imposed even if the contract allows it;

> *If state law neither affirmatively permits nor expressly prohibits service charges*, a service charge can be imposed only if the customer expressly agrees to it in the contract.

4

*Id.* at 13 (citing 15 U.S.C. § 1692f(1) and Staff Commentary on the Fair Debt Collection

Practices Act, 53 Fed. Reg. 50,097, 50,108 (Fed. Trade Comm'n 1988)) (emphasis in original).

Defendant does not contend that the processing fee described in the Processing Fee

Statement is either expressly authorized by the contract underlying the debt or otherwise

permitted by New York law.[1]   Instead, Defendant's principal argument for dismissal of

Plaintiff's claim under § 1692f(1) is that the Processing Fee Statement is "not a form of abuse

against which the Act seeks to protect consumers."  Aff. in Supp. of Def.'s Mot. to Dismiss the

Compl. ("Def.'s Br.") at 10.  Defendant makes much of the fact that one of the purposes of the

FDCPA is to "eliminate abusive debt collection practices by debt collectors."  *Id.* at 2 (quoting

15 U.S.C. § 1692(e)).  Defendant cites Second Circuit precedent, which in turn draws on FDCPA

legislative history explaining that:

> the need for the FDCPA arose because of collection abuses such as use of obscene
> or profane language, threats of violence, telephone calls at unreasonable hours,
> misrepresentation of a consumer's legal rights, disclosing a consumer's personal
> affairs to friends, neighbors, or an employer, obtaining information about a
> consumer through false pretense, impersonating public officials and attorneys,
> and simulating legal process.

*Id.* at 2–3 (quoting *Kropelnicki v. Siegal*, 290 F.3d 118, 126 (2d Cir. 2002) (quoting S. Rep. No.

95-382, at 2 (1977))) (internal quotation marks omitted).  Focusing on the use of the word

"abusive" in 15 U.S.C. § 1692(e), Defendant proclaims "the FDCPA must be read as a statute

designed to prevent and punish 'abuse,'" and argues that the specific prohibited conduct set forth

in the subdivisions of § 1692f "must be interpreted in light of the prefatory language that both

---

[1] Though neither party has addressed the issue in their briefing, New York General Business Law
Section 518 prohibits the collection of a surcharge on purchases made by credit card.  *See* Dkt. 9,
at 8 (plaintiff stating without explanation that "nor do we believe that such a practice [of
charging a fee for payment via credit card or check over the telephone] is permitted by law.").
However, a recent Southern District decision has held this statute void for vagueness and in
violation of the First Amendment.  *See Expressions Hair Design v. Schneiderman,* -- F. Supp. 2d
-- , No. 13-CV-3775, 2013 WL 5477607, at *12-13 (S.D.N.Y. 2013) (Rakoff, J.).

expands and limits the application of each section." *Id.* at 4. According to Defendant, the Processing Fee Statement is not abusive and therefore does not run afoul of § 1692f(1) because it is neither "unfair" nor "unconscionable" to "permit a debtor to voluntarily pay his debt via credit card, especially after defendant's collection letter informs him of the charge associated with this method of payment." *Id.* at 10.

Defendant's argument cuts against the plain language of § 1692f(1). "[T]he starting point for interpreting a statute is the language of the statute itself. Absent a clearly expressed legislative intention to the contrary, that language must ordinarily be regarded as conclusive." *Consumer Prod. Safety Comm'n v. GTE Sylvania, Inc.*, 447 U.S. 102, 108 (1980); *see also C.H. Robinson Co. v. Alanco Corp.,* 239 F.3d 483, 487 (2d. Cir. 2001) (noting that any question of statutory interpretation begins by looking at the language of the statute itself). Regardless of the exact meaning of "unfair or unconscionable," the FDCPA explicitly prohibits "[t]he collection of *any* amount (including *any* interest, *fee*, charge, or expense incidental to the principal obligation) unless such amount is expressly authorized by the agreement creating the debt or permitted by law." 15 U.S.C § 1692f(1) (emphasis added). Therefore, it is immaterial that a five-dollar transactional fee was not among the particular, admittedly more egregious examples listed in the legislative history accompanying passage of the FDCPA. What matters is § 1692f(1)'s plain instruction that the collection of any amount incidental to the principal obligation, unless otherwise authorized by agreement between the parties or permitted by law, violates the FDCPA. Courts have interpreted the FDCPA broadly, and it would be anomalous to conclude "any amount" does not encompass the processing fees at issue here. *See, e.g., Piples v. Credit Bureau of Lockport, Inc.*, 886 F.2d 22, 27 (2d Cir. 1989) ("It is clear that Congress painted with a broad brush in the FDCPA to protect consumers from abusive and deceptive debt collection

practices, and courts are not at liberty to excuse violations where the language of the statute clearly comprehends them."); *Harrison v. NBD Inc.*, 968 F. Supp. 837, 844 (E.D.N.Y. 1997) (Spatt, J.) ("[T]he FDCPA is a remedial statute which should be liberally construed."); *Cavallaro v. Law Office of Shapiro & Kreisman*, 933 F. Supp. 1148, 1153 (E.D.N.Y. 1996) (Johnson, J.) ("The Second Circuit also has warned debt collectors against loosely interpreting the FDCPA.") (citing *Russell v. Equifax A.R.S.*, 74 F.3d 30, 35 (2d Cir. 1996)).  Therefore, the Court concludes Plaintiff has stated a claim for a violation of 15 U.S.C. § 1692f(1) based on Defendant's Processing Fee Statement. *See Shami v. Nat'l Enter. Sys.* (*Shami I*), No. 09-CV-722, 2010 WL 3824151 at *2–4 (E.D.N.Y. Sept. 23, 2010) (Mauskopf, J.) (plaintiff stated a claim based on collection letter imposing optional credit card payment transaction fee not authorized by agreement or law).

Defendant's other argument with respect to § 1692f(1) is equally unavailing.  Defendant claims a credit card processing fee "is not incidental to the principal obligation" because it has nothing to do with the amount of the underlying debt or transaction out of which the debt arose, does not increase the amount of principal owed, and therefore is not a penalty or threat meant to induce payment, but is simply "the cost of doing business for the consumer who wishes to utilize the convenience and payment terms offered by charging off his debt to a credit card." Def.'s Br. at 11–12.  The FDCPA does not expressly define "incidental."  However, "the FDCPA is a remedial statute which should be liberally construed." *Harrison*, 968 F. Supp. at 844.  There is no legal basis for Defendant's argument that "incidental" should be narrowly limited to "penalties or interest charges upon the principal obligation" meant to "coerce the debtor into tendering payment." Def.'s Br. at 11.  Indeed, courts in the Second Circuit have applied § 1692f(1) to processing or transaction fees similar to the one at issue here, even though those fees

7

were not penalties or connected to the underlying debt or the amount of principal owed. *See Tuttle*, 190 F.3d at 11, 15 (applying FDCPA to twenty-dollar service charge imposed to defray collection costs); *Shami I*, 2010 WL 3824151, at *2–4 (applying FDCPA to credit card payment processing fee). Accordingly, the Court finds the processing fee at issue in this case is incidental to the principal obligation, and because Defendant has not argued the fee was authorized either by agreement or law, Plaintiff has stated a claim under 15 U.S.C. § 1692f(1).

### B. 15 U.S.C. § 1692e(2): False or Misleading Misrepresentations

15 U.S.C. § 1692e prohibits debt collectors from using "any false, deceptive, or misleading representation or means in connection with the collection of any debt." The provision provides a non-exhaustive list of examples of conduct that violate the FDCPA, including "[t]he false representation of (A) the character, amount, or legal status of any debt; or (B) any services rendered or compensation which may be lawfully received by any debt collector for the collection of a debt." 15 U.S.C. § 1692e(2). Plaintiff asserts Defendant violated § 1692e(2) by "making a false representation that it was entitled to receive compensation for payment by credit card." Compl. at ¶ 17.

Defendant argues that the Processing Fee Statement is not a false or misleading statement, but is "a kind of disclosure, accurately informing a debtor that he will incur a 'processing fee' should he elect to pay his debt via credit card." Def.'s Br. at 6. However, Defendant's argument does not address the central premise underlying Plaintiff's claim. Plaintiff does not contend the Processing Fee Statement runs afoul of § 1692e(2) because the statement fails to disclose the nature of the fee or because it misrepresents the actual amount of the fee. Rather, Plaintiff argues the Processing Fee Statement violates the statute because it falsely implies that Defendant is entitled to collect the processing fee in the first place. In other words,

Plaintiff's § 1692e(2) claim is contingent on her § 1692f(1) claim—if collection of a payment processing fee is unlawful under § 1692f(1), then the Processing Fee Statement is also "false, deceptive, or misleading" under § 1692e(2), insofar as the statement implies the fee may be lawfully received.

The Court agrees. The "least sophisticated consumer" would likely be deceived by the Processing Fee Statement into believing that Defendant was legally entitled to collect the five-dollar fee. Indeed, even a shrewd consumer would be unlikely to question the legality of a seemingly reasonable five-dollar processing fee, much less turn to the statute books. Therefore, "[b]ecause the Court has concluded that Plaintiff has stated a claim under § 1692f(1) of the FDCPA, Plaintiff has also stated a claim under § 1692e(2)." *Shami I*, 2010 WL 3824151, at *4.

Defendant's attempts to distinguish *Shami I* miss the mark. First, Defendant asserts that its Collection Letter differed from the collection letter in *Shami I* in two ways: (1) the Collection Letter disclosed the amount of the transaction fee, whereas the letter in *Shami I* did not; and (2) the Collection Letter, unlike the letter in *Shami I*, did not "encourage" Plaintiff to choose a payment option that would incur the five-dollar transaction fee. Def.'s Br. at 7–8; *Shami I*, 2010 WL 3824151 at *4 (description of payment options emphasized fee-inducing payments via telephone or website and did not list mailing address where payment could be sent). While it is true that the *Shami I* court cited the preceding factors in support of its finding that the plaintiff had stated a claim under § 1692e(2), those factors were not prerequisites to the court's conclusion that the defendant's allegedly false representation that it was entitled to receive compensation for telephone and online payments was actionable under § 1692e(2). Plaintiff's § 1692e(2) claim is identical in all material respects to that in *Shami I*. The *Shami I* court's

reasoning was sound, and Defendant has presented no compelling argument to reject its approach here.

Second, Defendant attacks *Shami I* for not having adopted the approach of the Sixth Circuit in *Lee v. Main Accounts, Inc.*, 125 F.3d 855 (6th Cir. 1997). Def.'s Mot. at 8–9. In *Lee*, the Sixth Circuit upheld the district court's grant of summary judgment dismissing several claims the plaintiff had brought under the FDCPA and the Ohio Consumer Sales Practices Act to challenge a debt collection letter. 125 F.3d at 855. The collection letter in *Lee* mentioned a five-percent charge that would be imposed by a third-party payment processor should the plaintiff choose to pay her debt by credit card. *Id.* The Sixth Circuit concluded the five-percent charge did not violate § 1692e(2)(B), § 1692f(1), or the Ohio Consumer Sales Practices Act for several reasons. First, the processing fee was "not a fee collected by [defendant], but a third-party charge triggered when the debtor chose the option of paying by credit card." *Id.* Second, the defendant did not force the plaintiff to pay the charge and would not have received any additional compensation from the credit card fee. *Id.* And third, the court found "this type of optional payment choice [wa]s, by definition, not an unconscionable or deceptive debt collection practice." *Id.*

Defendant insists that "[n]early the identical situation obtains in the instant matter." Def.'s Br. at 9. Defendant claims the Collection Letter parallels that in *Lee* because, as set forth in an affidavit by Defendant's president, Norman Alpren, Defendant does not force debtors to pay by credit card and does not receive "additional compensation" as a result of the processing fee because the costs associated with accepting credit card payments usually exceed the five dollars. *Id.* Defendant also makes much of the Sixth Circuit's statement that the optional five-percent fee in *Lee* was not an unconscionable or deceptive debt collection practice. *Id.* This

statement, Defendant asserts, reflects the fact that the FDCPA was meant to guard against abuse, "not an optional payment means offered to the consumer for his convenience, where the consumer is armed with the knowledge of the cost of such convenience." *Id.*

These contentions are unconvincing. First, Defendant's affidavit is outside the four corners of the pleadings and will not be considered for purposes of this motion to dismiss. *See Friedl v. City of New York*, 210 F.3d 79, 83-84 (2d. Cir. 2000) (a district court must exclude consideration of material outside the pleadings on a 12(b)(6) motion). Second, the defendant in *Lee* did not receive any "additional compensation" because the fee was "not a fee collected by [defendant], but a third-party charge triggered when the debtor chose the option of paying by credit card." 125 F.3d at 855. In contrast, Defendant's Collection Letter does not indicate the five-dollar processing fee would be collected by anyone but Defendant.[2] In this case, because Defendant receives the compensation directly through the collection of the five-dollar processing fee, it can take no comfort in *Lee.*

Finally, Defendant mischaracterizes the Sixth Circuit's statement that an optional five-percent fee was not, by definition, an unconscionable or deceptive debt collection practice. Immediately after holding that the five-percent fee in *Lee* did not meet the definition of an unconscionable or deceptive practice, the Sixth Circuit cited Section 1345.03(B)(5) of the Ohio Consumer Sales Practice Act. That statute includes in its considerations the following: "Whether the supplier required the consumer to enter into a consumer transaction on terms the

---

[2] Further, even if this Court were to consider Defendant's affidavit, it is irrelevant that Defendant's five-dollar processing fee is often insufficient to defray the costs of debt collection. The Sixth Circuit's concern with "additional compensation" related to the identity of the collector of the processing fee, not whether the debt collector received a windfall. *See Shami v. Nat'l Enter. Sys.* (*Shami II*), 914 F. Supp. 2d 353, 357 (E.D.N.Y. 2012) (Mauskopf, J.) ("[A] fee does not violate the [FDCPA] where it is not paid to the debt collector, and is instead paid to a third-party in exchange for voluntarily utilizing a particular method of payment.").

supplier knew were substantially one-sided in favor of the supplier." Hence, the Sixth Circuit found the five-percent fee in *Lee* did not violate Ohio state law because the fee was optional; it did not make an analogous finding as to the FDCPA. *Lee* does not undermine *Shami I*, and it is entirely consistent with the Court's conclusion that Plaintiff has stated a claim under 15 U.S.C § 1692e(2).

**IV.    Conclusion**

For the reasons stated above, the Court concludes Plaintiff has stated a claim upon which relief may be granted under 15 U.S.C. §§ 1692e(2) and 1692f(1). Defendant's motion to dismiss is DENIED. The parties are directed to proceed with discovery on all outstanding issues.

**SO ORDERED**

s/WFK

Dated:       Brooklyn, New York
             February 27, 2014

HON. WILLIAM F. KUNTZ, II
United States District Judge